**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2017-0139, <u>Christina DePamphilis v. Paul Maravelias</u>, the court on July 28, 2017, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Paul Maravelias, appeals an order of the Circuit Court (<u>Stephen</u>, J.), following a three-day bench trial, granting the plaintiff, Christina DePamphilis, a civil stalking final order of protection. <u>See</u> RSA 633:3-a, III(a) (2016). He argues that the trial court erred by: (1) not finding that he had committed two or more acts enumerated by the statute, <u>see</u> RSA 633:3-a, II(a) (2016); and (2) finding that his conduct would cause a reasonable person to fear for her personal safety, and that the plaintiff was placed in such fear, <u>see</u> RSA 633:3-a, I(a) (2016).

The offense of stalking includes "[p]urposely, knowingly, or recklessly engag[ing] in a course of conduct targeted at a specific person which would cause a reasonable person to fear for his or her personal safety . . . , and the person is actually placed in such fear." RSA 633:3-a, I(a). "Course of conduct" is defined as "2 or more acts over a period of time, however short, which evidences a continuity of purpose." RSA 633:3-a, II(a). The statute provides that "[a] course of conduct may include, but not be limited to," several specifically-enumerated acts. <u>Id</u>. We have held that, when issuing a civil stalking final order of protection, the trial court is required to make specific findings, on the record, as to the acts constituting the course of conduct. <u>See</u> <u>Fisher v. Minichiello</u>, 155 N.H. 188, 193 (2007).

In this case, the trial court issued the protective order on a standardized form, checking a box next to language stating that the defendant had "[p]urposely, knowingly, or recklessly engaged in a course of conduct targeted at a specific person which would cause a reasonable person to fear for . . . her personal safety." The trial court then hand-wrote the following findings of fact as the basis for its ruling:

> The defendant has been obsessed with the [plaintiff] since she was 11 years old and he was 17. When she was 12 and he was 18 he drove her home and attempted to drop [another passenger] off first but the plaintiff refused; the defendant testified that he loves her

and would give his life to protect her. He waited until she turned 16[,] which he referred to as the "age of consent" to her mother, [and] offered her a brand new [Maserati]. When the gift was rejected, he mentioned he will wait until she is ready and be back when she is 18 years old. The level of obsession and relentless pursuit of a girl beginning at the age of 11 or 12 give rise to reasonable fear. In addition, the demeanor of the defendant during his testimony demonstrated his obsession for the plaintiff, including his constant communication directly to the plaintiff commenting on her mannerisms and professing his love for her.

On appeal, the defendant does not dispute that these findings include two specific acts on which the trial court relied to find that he had engaged in a course of conduct. Nor does he argue that those acts — the unsuccessful attempt to become alone with the plaintiff in his car when she was twelve, and his gift to her of a Maserati on her sixteenth birthday — failed to evidence a "continuity of purpose." Instead, he first argues that these findings were deficient because the specified acts are not contained within the list of enumerated acts that a course of conduct "may include." RSA 633:3-a, II(a).

At the outset, we note that we have never held that the specific acts constituting a course of conduct are limited to those acts that are enumerated by the statute. To the contrary, we have observed that "the statute, through its use of the phrase 'may include, but not be limited to,' provides that the enumerated acts do not constitute an exhaustive list. When a statute sets forth a nonexhaustive list of acts, we have held that other acts which are similar may be considered." Fisher, 155 N.H. at 192 (emphasis added). Nor have we held that, in rendering express findings under Fisher, the trial court is required to articulate only those acts that are specifically enumerated in RSA 633:3-a, II(a). We need not decide, however, whether the acts constituting the course of conduct are required to be specifically enumerated by the statute because the defendant here did not raise this argument in the trial court.

It is a long-standing rule that parties may not have review of issues that they did not raise in the trial court. Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004). It is the burden of the appealing party, in this case the defendant, to demonstrate that the issues he is raising on appeal were raised in the trial court. Id.; Supp. Ct. R. 16(3)(b). The trial court must have had the opportunity to consider any issues asserted on appeal; thus, any issues which could not have been presented to the trial court prior to its decision must be presented to it in a motion for reconsideration. Dist. Div. R. 3.11(E)(1); see N.H. Dep't of Corrections v. Butland, 147 N.H. 676, 679 (2002).

In this case, the defendant, in the questions presented section of his brief, identified only his notice of appeal and the trial court's final stalking order of protection as the portions of the record in which he purportedly

2

preserved his arguments. See Sup. Ct. R. 16(3)(b) (requiring appealing party to cite the specific portions of record in which the questions presented for review were raised in the trial court). The record does not, however, reflect that he ever filed a motion for reconsideration arguing that the trial court's findings were deficient because the acts upon which it relied to find a course of conduct were not specifically enumerated by RSA 633:3-a, II(a). See Butland, 147 N.H. at 679; Dist. Div. R. 3.11(E)(1). Thus, the trial court was deprived of an opportunity to correct its alleged error. See Butland, 147 N.H. at 679. Moreover, because the defendant's argument turns upon an interpretation of RSA 633:3-a that we have never adopted, we could not conclude that the alleged error constituted a plain error affecting his substantial rights. See State v. Ortiz, 162 N.H. 585, 591 (2011) (holding that a purported error cannot be "plain" for purposes of the plain error rule when it raises an issue of first impression). Accordingly, we decline to address this argument.

To the extent the defendant argues that the "may include, but not be limited to" language of RSA 633:3-a, II(a) does not apply under the principle of ejusdem generis, and renders the stalking statute unconstitutionally vague, we note that he raises these arguments for the first time in his reply brief. Panas v. Harakis & K-Mart Corp., 129 N.H. 591, 617-18 (1987) (holding that a reply brief may not raise entirely new issues). Nor does the record reflect that the he raised these arguments in the trial court.

For the same reason, we decline to address the defendant's argument that the trial court erred by finding that his conduct would place a reasonable person in fear for her personal safety. The defendant argues that the evidence was insufficient to establish that his conduct would put a reasonable person in fear for her safety "because there was no allegation or finding that the defendant's conduct was objectively likely to be followed by a violent or criminal act." In so arguing, the defendant invites us to construe RSA 633:3-a, I(a) so as to require the trial court "to find that the defendant's conduct is objectively likely to be followed by violence or a proscribable threat of criminal conduct." Because there was no evidence that the defendant "ever explicitly threatened [the plaintiff] or implied harm to her, her family, or himself," the defendant argues that the evidence was insufficient to support a protective order.

Thus, although the defendant's argument challenges the sufficiency of the evidence, the sufficiency argument necessarily turns upon his interpretation of RSA 633:3-a. See Fisher, 155 N.H. at 190. The defendant cites no portion of the record, however, in which he argued that the plaintiff was obligated to prove, and the trial court was obligated to find, that his conduct was objectively likely to be followed by violence or a crime. Nor does he cite any portion of the record in which he argued that the plaintiff was required to prove that he explicitly threatened her or implied harm to her, her family, or himself. Instead, as noted above, he identifies only his notice of appeal and the trial court's final stalking order of protection as the portions of

the record in which he allegedly preserved this argument.  See Sup. Ct. R. 16(3)(b).  We note that we have not specifically decided whether fear for personal safety under RSA 633:3-a, I(a) requires proof that violence or a crime is objectively likely.  Ortiz, 162 N.H. 585, 591; see State v. Simone, 152 N.H. 755, 759 (2005) (declining to address whether fear for personal safety means fear of physical violence).  Accordingly, we decline to address these arguments for the first time on appeal.  Butland, 147 N.H. at 679.

Affirmed.

Dalianis, C.J., and Hicks, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**

4